UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES T. MURZIKE,

        Plaintiff,

v.                                                                                    Case No. 3:23-cv-674-WWB-PDB

R. GREEN,

        Defendant.
_____/

## **<u>ORDER</u>**

THIS CAUSE is before the Court on periodic review. On July 11, 2025, Defendant filed a motion to compel Plaintiff to respond to Defendant's discovery requests and a motion to deem admitted Defendant's requests for admissions due to Plaintiff's failure to timely respond. (Doc. Nos. 60, 61). Defendant explains that he served Plaintiff with requests for production, requests for admissions, and interrogatories on May 14, 2025. The parties discussed the outstanding discovery requests on multiple occasions, but Plaintiff still did not respond, which prompted Defendant to file the motions. (Doc. 60-2). On August 15, 2025, this Court directed Plaintiff to file a response to Defendant's motions by September 2, 2025. (Doc. 65). When Plaintiff failed to comply, the Court ordered Plaintiff to show cause why the action should not be dismissed for his failure to comply with the Court's Order or otherwise prosecute the case by participating in discovery. (Doc. 73). The Court warned Plaintiff that his failure to timely show cause may result in dismissal and noted that his response must demonstrate "due diligence and just cause for delay." (*Id.*). To date, Plaintiff still has not responded to Defendant's motions. He has

responded to the Order to Show Cause, but for the reasons that follow, his response is insufficient.

On October 6, 2025 (mailbox rule), Plaintiff filed a "Motion to Show Cause Why Action Should Not Be Dismissed." (Doc. 74). He asserts that he was moved to Florida State Prison on June 17, 2025, where he is housed on the most restrictive level of close management. (*Id.* at 1–2). He claims that "since the filing of this action," Defendant and others have "placed a hit on [him] at various prison[s] sending dope, phones, cash money, ciggs, [and] C.I.A. devices to various employees[,] medical staff[], security staff[], [and] mental health staff[] . . . to have them take all [his] personal property, legal documents, etc. to destroy it [and] destroy [and] alter [his] outgoing, incoming legal mail [and] regular mail." (*Id.* at 1). He names over fifty correctional staff members who allegedly arranged for gang members to take his food and/or place substances in his food to poison him. (*Id.* at 2). He further contends that on August 1, 2025, staff members entered his cell and took all his legal papers in retaliation. (*Id.*). He asks the Court to "grant" his request showing why this case should not be dismissed, appoint counsel to represent him, and direct staff to locate and return his personal property. (*Id.* at 3).

Plaintiff's show cause response fails to demonstrate due diligence and just cause for his delay. His unsupported allegations of retaliation and abuse, which he has repeatedly raised in this case, are insufficient. Plaintiff does not address the discovery issues. While he implies that his transfer and housing has hindered his ability to respond, neither has hindered his ability to file multiple, frivolous "emergency" documents in this case. Further, the fact that he allegedly does not have his personal or legal property would in no way preclude him from answering most, if not all, of Defendant's requests for

admissions based on his personal knowledge—which he has not done. In short, his response provides no valid basis to justify his failure to comply.

Plaintiff also has filed the following "Notices:" a "Notice to Clerk [and] Judge to Obtain C.I.A. / F.B.I. Devices" (Doc. 75); a "Notice to the Clerk [and] Defendant's Attorney [and] Judge" (Doc. 76); an "Emergency Notice to Judge [and] Defendant's Attorney" (Doc. 77);[1] a "Notice to the Clerk [and] Judge [and] Defendant's Attorney [and] Request for Enlargement of Time" (Doc. 78);[2] a "Notice [and] Injunction Restraining Order to Clerk" (Doc. 79); and a "Notice to Courts for Injunction [and] Restraining Order" (Doc. 80).

At the inception of this case, the Court advised Plaintiff of his obligation to "comply with the rules and court orders" or "face sanctions, including dismissal." (Doc. 6). Moreover, the Court's Scheduling Order advised Plaintiff that "fail[ure] to cooperate in discovery" may result in sanctions, including "dismissal." (Doc. 37). Plaintiff has failed to respond to Defendant's discovery requests and discovery-related motions, despite being afforded sufficient time in which to do so. Rather, he has filed frivolous documents that do not comply with the Federal Rules of Civil Procedure, the Court's Local Rules, or the Court's Orders. The filing of frivolous documents has been a pattern over the course of this case. This Court has stricken six of Plaintiff's filings and continually advised him that a request for relief must be in the form of a motion and include a legal memorandum and

---

[1] Plaintiff provided this "Notice" to prison officials for mailing on October 14, 2025. (Doc. 77 at 1). He asks for "a couple more days to respond to Defendant's" motions relating to discovery, (*id.* at 2), but he again fails to include a memorandum of law as required by the Local Rules (and as he has been repeatedly advised). Regardless, he still has not responded to Defendant's motions.

[2] He requests, among other things, an additional thirty days to comply with a Court Order entered in Case No. 3:23-cv-98-WWB-PDB. (Doc. 78 at 2).

3

that any complaints about his current conditions of confinement must be raised in a new case. (*See* Doc. Nos. 42, 44, 54, 64, 69, 72).

A district court has inherent authority to manage its docket. *See Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with court orders. *Id.* (citing Fed. R. Civ. P. 41(b)); *see also Hyler v. Reynolds Metal Co.*, 434 F.2d 1064, 1065 (5th Cir. 1970)[3] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]").

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a complaint for failure to prosecute or to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. *Id.* at 1374 (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). And Local Rule 3.10(a) also provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."[4]

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] A district court also has broad authority under Federal Rule of Civil Procedure 37 to control discovery, including dismissal as the most severe sanction. *See Gratton*, 178 F.3d at 1374.

In prosecuting this action, Plaintiff is required to comply with this Court's Orders. He has failed to do so, and his most recent filings further reflect his defiance of the Court's Orders.

Notably, Rule 41(b) recognizes a district court's inherent authority to dismiss a case for want of prosecution "to prevent undue delays in the disposition of pending cases and to avoid congestion" of court calendars. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).  Plaintiff's failure to adhere to the Court's deadlines or otherwise follow the Court's Orders is the type of delay and congestion Rule 41(b) seeks to avoid.  Plaintiff's actions show a clear record of delay, and the Court finds that dismissal under Rule 41(b) and Local Rule 3.10 is appropriate.[5]  The Court's dismissal, however, will be without prejudice.

Finding Plaintiff's failure to comply with this Court's Orders and respond to Defendant's discovery requests and motions shows a clear record of delay, and further finding Plaintiff failed to show due diligence and just cause for his delay, the Court concludes that no sanction short of dismissal without prejudice is sufficient to address Plaintiff's conduct.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's "Notices" (Doc. Nos. 75–80) are **STRICKEN**.

2. This case is **DISMISSED without prejudice**.

---

[5] Plaintiff is serving a prison sentence and proceeding as a pauper, so monetary sanctions would not suffice.  And in light of Plaintiff's pattern of non-compliance, the Court finds that giving him more time will not guarantee his compliance and will further delay this case.

3. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on November 19, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JAX-3 11/17

c:  James T. Murzike, #L07713
    Counsel of Record

6